1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DENISE M. OKI (CABN 311212)
   Special Assistant United States Attorney
5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7196
7       FAX: (415) 436-7234
        Email: Denise.Oki@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 19-351 TSH |
| Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | |
| CARLOS ALBERTO CHAVEZ-MARTINEZ, | |
| Defendant. | |

On July 17, 2019, a Complaint was filed in the Northern District of California charging Defendant Carlos Alberto Chavez-Martinez with one count of violating Title 18, United States Code, Section 111(a)(1) – Assault on Federal Officer. On July 17, 2019, Defendant appeared before this Court for arraignment on the Complaint and remanded to the custody of the U.S. Marshals. On July 26, 2019, Defendant appeared before this Court for a detention hearing. Defendant was represented by Assistant Federal Public Defender David Rizk. Special Assistant United States Attorney Denise Oki represented the United States. The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services submitted a report recommending detention, on grounds of both the Defendant's risk of non-appearance and danger to the

community. The Defendant was released on conditions including, but not limited to, the Defendant must not use alcohol and submit to alcohol monitoring. The Court set a status for August 2, 2019, regarding the Defendant's placement in an in-patient treatment program.

On August 2, 2019, Pretrial Services reported to the parties that the Defendant missed scheduled alcohol monitoring submissions and failed alcohol submissions with a blood alcohol concentration of 0.244% and 0.208% on August 1, 2019 and 0.219% on August 2, 2019.

Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders Defendant detained until Monday, August 5, 2019. The Court further orders that the U.S. Marshals release the Defendant from the federal courthouse at 450 Golden Gate Avenue, San Francisco, CA 94121 by 8:00am on August 5, 2019, in order for the Defendant to be interviewed by Health Right 360 for in-patient treatment. Following the Health Right 360 intake appointment, the Defendant shall be released to the Halfway House at 111 Taylor Street until placement at Health Right 360 is completed. The Defendant may leave the Halfway House with prior approval of Pretrial Services for court appearances, legal appointments, medical appointments, and treatment services. A further status and arraignment on the filed Information is scheduled for August 8, 2019 at 10:00am.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i). As noted on the record, the Court makes a finding that the Defendant is not capable of abiding by the conditions of release regarding alcohol use and monitoring and poses a risk to himself and the community.

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

August 2, 2019

_____
HON. THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT
19-CR-351 TSH